IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL STEVEN SAYKO, #280392,
               Petitioner               :

    v.                       :  CIVIL ACTION NO. DKC-04-1677

JON P. GALLEY, WARDEN, *et al.*,     :
               Respondents

## MEMORANDUM

Petitioner, presently incarcerated at the Western Correctional Institution in Cumberland, filed the above-captioned petition for habeas relief, dated May 20, 2004, seeking to challenge his 1998 convictions in Baltimore County Circuit Court for three counts of indecent exposure, seven counts of second degree assault, four counts of third degree sex offense, and one count of wearing and carrying a deadly weapon, for which he is serving a fifty-two year sentence.  (Paper No. 1; *see also* Paper No. 13, Exhibit 1 at 8-9).  Respondents contend that the petition is time-barred, and that if not time-barred, the issues presented therein are unexhausted or procedurally defaulted.  (Paper No. 13).  Petitioner has filed a response thereto (Paper No. 16), to which Respondents have filed a reply.  (Paper No. 23).  Upon review of the pleadings and exhibits, the court finds no need for an evidentiary hearing.  *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2004); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000).  For the reasons that follow, the court determines the Petition time-barred under 28 U.S.C. §2244(d)(1).

## I. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) enacted a one-year statute

of limitations for habeas petitions in non-capital cases. *See* 28 U.S.C. § 2244(d).[1]  This  period is tolled

while properly filed post conviction proceedings are pending and may otherwise be equitably tolled.  *See*

28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).  **II.   Procedural**

**History**

On May 27, 1997, the Baltimore County Circuit Court indicted Petitioner in two cases.  In Case

No. 97 CR 2135, he was charged with four counts, including: indecent exposure; two counts of second

degree assault; and carrying a dangerous weapon concealed.  (Paper No. 13, Exhibit 1).  In Case No. 97

CR 2136, he was charged with twenty-one counts, including: four counts of third degree sexual offense;

four counts of second degree assault; indecent exposure; and related offenses.  (*Id*., Exhibit 2).  A third

---

[1]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
>> (A)      the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for seeking
>> such review;
>>
>> (B)      the date on which the impediment to filing an application
>> created by State action in violation of the constitution or laws of the
>> United States is removed, if the applicant was prevented from filing by
>> such State action;
>>
>> (C)      the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively applicable to
>> cases on collateral review; or
>>
>> (D)      the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>
> (2)      the time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this
> subsection.

case, Case No. 97 CR 2618, presented in the Circuit Court by information on July 2, 1997, charged Petitioner with indecent exposure and second degree assault.  (*Id*., Exhibit 3).

On November 23, 1998, Petitioner entered an *Alford* plea[2] in Case No. 97 CR 2135, and pled guilty to various counts in Case Nos. 97 CR 2136 and 2618.[3]  He then proceeded before a jury for determination as to whether he was criminally responsible for these offenses.  On November 23, 1998, a jury found criminal responsibility.  Sentencing was held on December 28, 1998.  (*Id*., Exhibit 1 at 8-9, Exhibit 2 at 7-9; Exhibit 3 at 7-8).

On appeal, Petitioner argued that: his guilty plea was not voluntarily made within the ambit of Maryland Rule 4-242(c); he was not provided a waiver hearing mandated by Maryland Rule 4-314(a)(4); and postponement improperly was denied.  On May 14, 1999, the Maryland Court of Special Appeals denied leave to appeal in an unreported per curiam opinion. (*Id*., Exhibit 5).[4]  On September 1, 1999, the appellate court ruled that a letter filed by Petitioner on July 7, 1999 would be treated as a motion for reconsideration.  (*Id*., Exhibit 6).  The reconsideration motion was denied on February 22, 2000.  (*Id*., Exhibit 8).  Petitioner did not seek further appellate review.

On July 28, 2000, Petitioner initiated state post conviction proceedings with regard to all three criminal cases.  (*Id*., Exhibit 9).  On October 28, 2003, the post conviction court granted Petitioner a new trial as to four convictions for second degree assault and weapons offenses, and denied all other requests

---

[2]  *See North Carolina v. Alford*, 400 U.S. 25, 37 (defendant may voluntarily, knowingly and understandingly consent to sentencing even if unwilling or unable to admit to the crime).

[3]  In total, Petitioner pled to three counts of indecent exposure, seven counts of second degree assault, four counts of third degree sex offense, and one count of wearing and carrying a deadly weapon.  Paper No. 13, Exhibit 1 at 4, 8-9, Exhibit 2 at 7-9 and Exhibit 3 at 7-8.

[4]  The mandate issued on June 17, 1999.  *Id*., Exhibit 5.

for relief.  (*Id*., Exhibit 10, oral ruling at 3-10).  Petitioner's motion for leave to appeal, filed December 18,

2003, was struck as untimely on January 13, 2004.  (*Id*., Exhibit 1 at 7, Exhibit 2 at 7 and Exhibit 3 at 7).

On March 11, 2004, the State entered nolles prosequis as to the four assault and weapon

offenses.[5]  On March 19, 2004, Petitioner noted an appeal in Case Nos. 2135 and 2618.[6]  (*Id*., Exhibit

1 at 7 and Exhibit 3 at 7).

Petitioner's August 12, 2004, motion to correct illegal sentence was denied on August 19, 2004.

(*Id*., Exhibit 1 at 8, Exhibit 2 at 6 and Exhibit 3 at 7).   An appeal from that denial is pending.[7]

Petitioner now presents eight grounds in support of his request for federal habeas corpus relief,

alleging:

1.  Ineffective assistance of counsel, challenging "the state post conviction court's ruling that only four...counts of nineteen...counts pled guilty to received ineffective assistance of counsel and that trial counsel proceeded under no conflict of interest;"

2.  Abuse of discretion occurring "from the procedure used by the trial court to deny [a] requested [defense] continuance;"

3.  The "plea agreement and miscellaneous agreements" were breached by the State;

4.  Involuntariness of the guilty pleas;

5.  Violation of various federal rules and of Maryland Rules 4-201(c) and 4-204.

---

[5]     The nolle prossed charges included Counts 2, 3, and 4 in Case No. 97 CR 2135 and Count 2 in Case No. 97 CR 2618.  *Id*., Exhibit 1 at 7-9 and Exhibit 3 at 7-8.  Counts 2, 3, 4, 7, 8, 9, 12, 13, 14, 17, and 19 in Case No. 97 CR 2136 previously had been nolle prossed.  *Id*., Exhibit 2 at 2, 7-9 and Exhibit 10, oral ruling at 6, 11-12.

[6]     The appeal, docketed in the Maryland Court of Special Appeals as No. 263, remains pending.

[7]     The appeal, docketed in the Maryland Court of Special Appeals as No. 1494, remains pending.

6.      "[V]iolation of confrontation rights," challenging the "post conviction court's ruling that no error was committed when the Clifton C. Perkin's Hospital Center's evaluation signed by two psychiatrists was admitted into evidence without those two psychiatrists appearing in court;"

7.      "[V]iolations of insanity [defense]," challenging "the...post conviction court's ruling that no error was committed at the insanity hearing held in front of a jury on November 23 and 24, 1998; and

8.      "[V]iolation of return before trial rule of the intrastate agreement on detainers," challenging the "state habeas corpus court's ruling of November 13, 2003 that there is no right of an inmate to choose his place of confinement and that there is no prohibition in transferring an inmate from one jurisdiction to another for trial under the instrastate agreement on detainers."

(Paper No. 1 at 6, *et seq,*).

## III. Analysis

The court finds Respondents' timeliness argument persuasive.  Leave to appeal the pleas was summarily denied by the intermediate appellate court, with the mandate issuing on June 17, 1999.  The one-year limitations period accordingly commenced on June 18, 1999.  Nineteen days elapsed until Petitioner filed his reconsideration motion in the Maryland Court of Special Appeals.  The clock began to tick again on February 23, 2000, the day after the denial of reconsideration.  Another 156 days elapsed between the denial of reconsideration and initiation of post conviction review.  Post conviction review was concluded on October 28, 2003, and Petitioner's attempt to seek leave to appeal the post conviction decision was rejected as untimely, allowing an additional 204 days to expire.[8]  Petitioner allowed 379 days to elapse

---

[8]      Neither the motion to correct an illegal sentence nor the motion for reconsideration of sentence toll the limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Walkowiak v. Haines*, 272 F.3d 234, 236-39 (4th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

before seeking federal habeas corpus relief, and the instant action therefore was filed outside the limitations period set forth in 28 U.S.C. § 2244(d).

Petitioner asserts that his diagnosis and subsequent treatment for lung cancer justify a period of equitable tolling between October of 2003, and the time he filed the instant petition on May 20, 2004. (Papers No. 16).   In order to be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to the delay or that circumstances beyond his control caused the delay. *See Rouse v. Lee,* 339  F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d at 330.   "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Id.* Review of Petitioner's exhibits indicates that lung cancer was diagnosed several days after a biopsy performed on October 7, 2003.  (Paper 16, Exhibits 10 and 11).   Despite the impact of the diagnosis, Petitioner communicated with, and received correspondence from, several court officials and attorneys in November, 2003.[9]  (*Id.*, Exhibits 12-16).   Surgery to remove portions of the right lung was performed on December 12, 2003, and Petitioner was discharged from the hospital on December 16, 2003.  (*Id.*, Exhibit 17).   He did well postoperatively, had no difficulty breathing, and was on a regular diet following the surgery.  (*Id.*).   Petitioner's contention to the contrary, the record does not justify equitable tolling in this instance.  *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (limitations period for seeking habeas corpus relief not equitably tolled despite petitioner's thirteen hospitalizations, absent details sufficient

---

[9]        Petitioner's post conviction decision was rendered on October 28, 2003.  Petitioner was writing to various court officials following the biopsy as early as November 3, 2003.  It therefore does not appear that his illness rendered him incapable of filing a timely notice of appeal to the October 28, 2003 partial denial of post conviction relief.  Indeed, although he asks this court to toll the limitations period for eight months, Petitioner was able to file no less than nine motions and requests in the Circuit Court during that period of time.  *See* Paper No. 13, Exhibits 1-3.

to allow court to determine whether hospitalizations interfered with ability to file application in a timely manner); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (seventeen day period of incapacity during one-year limitations period did not require equitable tolling, absent showing that petitioner diligently pursued application in remaining time and still could not complete the petition); *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 173 (S.D.N.Y. 2000) (petitioner must allege more than mere existence of ailments to justify equitable tolling, and has burden to show that health problems rendered him unable to pursue his legal rights during one-year limitations period).  For these reasons, the court finds the Petition time-barred under 28 U.S.C. §2244(d).[10]

A separate Order shall be entered in accordance with this Memorandum.

__June 22, 2005__                                   _____/s/_____
(Date)                                                DEBORAH K. CHASANOW
                                                      United States District Judge

---

[10]      Even if the Petition were deemed timely, the procedural default doctrine would bar consideration of each of Petitioner's claims.  Claims 1-6 were raised at post conviction, but not to the Court of Special Appeals.  Claim 8 has never been presented to the state court.